IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hazel Stoudemire, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> Sgt. Thomas, Lieutenant Priester, and Captain Livingston, <br><br> Defendants. | C/A No. 2:21-cv-1230-JFA-MGB <br><br><br> **OPINION AND ORDER** |

## I.     INTRODUCTION

Plaintiff Hazel Stoudemire, Jr, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants failed to protect him and failed to provide him with adequate medical care while he was incarcerated at Broad River Correctional Institution ("Broad River"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge conducted an initial review of Defendants' Motion for Summary Judgment (ECF No. 59) and Plaintiff's Motion for Summary Judgment (ECF No. 86).

After reviewing both motions for summary judgment, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Defendants' Motion for Summary Judgment be granted, and that Plaintiff's Motion for Summary Judgment be denied. (ECF No. 96). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on February 15, 2021. (ECF No. 103). Thus, this matter is ripe for review.

1

**II.     STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court

reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 96). In response to the Report, Plaintiff enumerated seven separate objections. (ECF No. 103). Although most of these objections appear to be mere disagreements with the Magistrate Judge's conclusions supported by a rehashing of those arguments previously presented, the Court will nevertheless address each argument below.

Within his first objection, Plaintiff requests "the Court to address Plaintiff's assertions and objections in his reply to Defendants' response to Plaintiff's motion for summary judgment dated and certified on February 2, 2022." (ECF No. 103, p. 1). Within this objection, Plaintiff appears to assert that this Court should consider the arguments set forth in his untimely reply brief supporting his summary judgment motion (ECF No. 100), which was filed after the Report was issued. Plaintiff also presented additional grievance forms he wishes this Court to consider. Despite the untimely nature of this filing, the Magistrate Judge did indeed review and consider the arguments contained therein. The Magistrate Judge concluded that nothing in the reply affected

the analysis in the Report because it was simply a rehashing of those arguments previously asserted. (ECF No. 101). Additionally, the grievance forms Plaintiff attached to his objections fail to show any error in the Report's conclusion that Plaintiff failed to exhaust his administrative remedies prior to filing this action. Therefore, Plaintiff's first objection lacks merit and must be overruled.

Plaintiff's next objection takes issue with the Magistrate Judge's conclusion that "Defendants' responsibility to file incident reports is entirely unrelated to Plaintiff's obligation to exhaust his administrative remedies." (ECF No. 96, p. 10). Within his objection, Plaintiff avers that the Defendants intentionally failed to file an incident report after he was initially attacked—an argument that Plaintiff has previously asserted several times. Although Plaintiff is correct that the failure to file or preserve an incident report may ultimately be related to the merits of his case, a failure to file an incident report is unrelated to the question of whether Plaintiff properly exhausted his administrative remedies. As stated in the Report, "Defendants' purported failure to submit incident reports relating to Plaintiff's assault cannot support Plaintiff's claim that there is a genuine issue of fact as to whether administrative remedies were available to him." (ECF No. 96, p. 10). Thus, Plaintiff's objection is overruled.

Plaintiff's third objection asserts that the "Magistrate Judge's finding and conclusion are not based on the grievance policy requirements." (ECF No. 103, p. 3). Plaintiff avers that his Step 1 grievance was improperly resolved by the Warden as opposed to being referred to an investigation as is required when a grievance alleges criminal activity. However, Plaintiff's objection misses the mark. As held in the Report, Plaintiff was clearly advised of his ability to appeal the decision via a Step 2 grievance form if he disagreed with the decision. There appears to

4

be no dispute that Plaintiff did not file a Step 2 grievance form. Therefore, his objection on this point is overruled as well.

Plaintiff's fourth objection avers that the grievance policy was not readily available to the Plaintiff while in prison. The Court finds this argument unpersuasive. Plaintiff was given clear instructions within the response to his Step 1 grievance that he could appeal that decision further if he did not agree. Therefore, Plaintiff's assertion that he was unaware of the proper procedure because he did not have a full copy of the grievance policy is without merit.

Plaintiff's fifth objection argues that his injuries are permanent. Although it is unclear why Plaintiff makes this assertion, it appears he is contesting the Report's conclusion that "nothing in these records indicates that Plaintiff's condition worsened after he submitted his Step 1 grievance." A review of the Report indicates that the Magistrate Judge made this statement to show that Plaintiff's injuries did not prevent him from filing a Step 1 grievance and therefore there is no indication as to why they would have prevented him from filing a Step 2 grievance—especially when there is no evidence his condition worsened in any way. This conclusion does not however aver that Plaintiff did not sustain some level of permanent injuries. Therefore, Plaintiff's objection that his injuries may be permanent in nature does not point to any error in the Report which would warrant amendment.

Plaintiff's sixth objection appears to argue that filing a Step 2 grievance form "was the last thing on the to do list" because he was being harassed and considered "a rat." (ECF No. 103, p. 6). Plaintiff references a separate request to staff form, dated April 19, 2021, as evidence that he was physically assaulted by another inmate after filing his Step 1 grievance. The Court finds this argument unavailing. Initially, this argument fails to point to any error in the Report which would warrant a *de novo* review. Additionally, Plaintiff apparently had no issue filing the instant lawsuit

only days after the incident described in the attached request to staff form. Therefore, his assertion that he could not be bothered to file a Step 2 grievance form is without merit and is overruled.

Within his final objection, Plaintiff urges the Court to overrule the Report's recommendation that upon dismissing Plaintiff's federal claims, the Court should then decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if– . . . (3) the district court has dismissed all claims over which it has original jurisdiction." The Supreme Court has outlined four factors to guide the exercise of that discretion: judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Additionally, district courts in this circuit have also considered "(1) whether the claim involves straightforward application of well-defined case law," *Caughman v. S.C. Dep't of Motor Vehicles*, No. 3:09-503-JFA-PJG, 2010 WL 348375, at *2 (D.S.C. Jan. 26, 2010); (2) whether the parties have completed discovery, *id.*; (3) the length of time the case has been pending in federal court, *Varner v. SERCO, Inc.*, No. 2:16-cv-2340-DCN, 2018 WL 1305426, at *4 (D.S.C. Mar. 12, 2018); and (4) whether the complaint was filed in federal court, *id*.

Here, the Court agrees with the Report and declines to exercise jurisdiction over Plaintiff's state law claims given the above decision to dismiss Plaintiff's federal claims. Although originally filed in this Court, this claim has been pending less than a year. Also, there is no indication that proceeding in this Court would be any more fair or convenient to the parties. Analysis of Plaintiff's remaining state law claims would be more appropriately undertaken by the state court. Additionally, concerns of comity dictate that the state court be allowed to preside over application of its own laws, especially when considering the potential complexity of a claim asserted under the South Carolina Torts Claim Act.

## IV.  CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 96). For the reasons discussed above and in the Report, Defendants' motion for summary judgment (ECF No. 59) is granted and Plaintiff's motion for summary judgment (ECF No. 86) is denied. Furthermore, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims and those claims are dismissed without prejudice.

IT IS SO ORDERED.

February 28, 2022  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge